CHAST REALTY CORPORATION, Landlord, *v.* MORRIS M. FROST, Tenant.

Municipal Court of the City of New York, Borough of Manhattan.
November 27, 1950.

*Samuel L. Stolitzky* and *Daniel Eisenberg* for landlord.

*Edgar H. A. Chapman* for tenant.

LYMAN, P. J. This is a proceeding to remove the tenant for nonpayment of rent. The issue is whether the tenant is obligated to pay the rent as fixed by the written lease, and an order of the Supreme Court, New York County, or whether he is obligated to pay the rent as fixed by the Office of the Housing Expediter.

The lease provided that the premises were to be used predominantly for commercial purposes at a rental of $300 per month. In accordance with the provisions of the Business Rent Law of the State of New York (L. 1945, ch. 314, as amd.), there was an arbitration proceeding to determine the fair and reasonable value of the space for commercial use. The arbitrator

found that the amount of $300 per month was fair and reasonable and his award was affirmed by an order of the Supreme Court of New York County dated November 19, 1947.

In September of 1948 negotiations were entered into for the sale of the premises and a letter was requested by the landlord from the tenant stating that the premises were being used predominantly for professional purposes. Such a letter was sent by the tenant and addressed, " To Whom it May Concern ". The sale was consummated and the tenant remained in possession. Thereafter, on October 17, 1949, an order was issued by the United States Office of the Housing Expediter, fixing the maximum rent for the apartment at $135.75 per month. This order was affirmed by Tighe E. Woods, the Housing Expediter, and was based on the finding that the premises were being used for residential purposes.

At the trial of this proceeding it developed that the building in which the tenant occupied an apartment was a residential building. The tenant's apartment which he occupied with his wife, consists of two bedrooms, an additional small room, a bath, a kitchen, a living room and a dining room. The tenant is an airline executive, to which position he devotes his time exclusively. In connection with his business he occasionally entertained some of his associates. The landlord contends that this constitutes a commercial use of the premises. The contention is frivolous.

The question then presents itself as to whether the tenant is estopped from denying that the premises were used for commercial purposes because of his statements. If this court were to hold that such statements did constitute an estoppel, it would in effect be setting a pattern by which the rent laws could be circumvented rather than enforcing the letter and the spirit of the law. The clause in the lease stating that the premises were being used predominantly for professional purposes was an obvious subterfuge. It is unenforcible not only because it is against public policy but because the emergency condition placed the tenant in a position where he was deprived of his free bargaining power.

The letter sent by the tenant to the prior landlord while the negotiations for the sale of the building were pending does not constitute an estoppel. There is no evidence that the tenant knew of the negotiations or that the letter was shown to the present landlord. There is no evidence that there was any reliance on this letter by the present landlord and even if there

·had been evidence that the present landlord had seen this letter and had relied on it, that reliance must have been in good faith. It is inconceivable that the present landlord could have honestly believed that the tenant was using the premises for professional purposes. Certainly, before purchasing the premises, he must have, or at least should have, inspected them and a cursory inspection would have disclosed the facts.

One other question remains to be disposed of and that is whether the order of the Supreme Court of New York County fixing the rent of $300 per month is binding on this court. Both the award by the arbitrator and the order of the court were limited to the question presented to them and that was what the fair rental was for the premises as commercial space.

Judgment and final order for the tenant.